## In re GREENBAUM.

(Supreme Court, Appellate Division, First Department.  April 3, 1914.)

1. ATTORNEY AND CLIENT (§ 53*)—DISBARMENT—SUFFICIENCY OF EVIDENCE.

Evidence, in a disbarment proceeding, *held* to show that respondent committed perjury in verifying an answer in a suit against him for an admitted debt, and also in testifying before the referee on the hearing of charges based thereon.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 74, 75; Dec. Dig. § 53.*]

2. ATTORNEY AND CLIENT (§ 38*)—DISBARMENT—GROUNDS.

An attorney who verified a false answer in a suit against him, for the purpose of avoiding or postponing payment of an admitted debt, should be disbarred.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 51, 61; Dec. Dig. § 38.*]

Application to discipline Nathan Greenbaum, an attorney, upon report of official referee, on charges presented by the Association of the Bar of the City of New York.  Respondent disbarred.

See, also, 156 App. Div. 940, 141 N. Y. Supp. 1121.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and HOTCHKISS, JJ.

Thomas D. Thatcher, for petitioner.

Charles H. Murray, of New York City (Fredric W. Frost, of New York City, on the brief), for respondent.

INGRAHAM, P. J. [1] The respondent had a lease for an office in a building in the city of New York, and Dr. David L. Haight was the agent for the owners of the building. He failed to pay his rent, and gave two notes and two checks in payment, which were not paid, and an action was commenced in the Municipal Court of the city of New York to recover the amount represented by the notes and checks. The defendant demurred to the complaint, and, upon some arrangement made by the attorney for the owners of the building or by Dr. Haight, the respondent gave two notes for the amount then due, and the action was discontinued, and the notes and two checks previously given were surrendered to the respondent. These notes were dated July 19, 1910, one for $250, payable January 2, 1911, and the other for $248, payable on February 15, 1911. On January 2, 1911, when the first note became due, it was not paid, and an action was commenced in the City Court of the City of New York by the owners of the building to recover the amount thereof. In that action the respondent interposed a verified amended answer, alleging that this note was given in pursuance of an agreement with Dr. Haight, as representative of the owners of the building, whereby the action commenced in the Municipal Court of the City of New York was to be discontinued, without costs; it being expressly understood and agreed between the parties, and as a consideration for the withdrawal of the demurrer and the discontinuance of the action without costs, that the said plaintiffs or David L. Haight, their agent and representative, were to institute an action against Henry Block on the said lease, and that the defendant, the respondent herein, was to act as surety, and in the event that the said plaintiffs succeeded in recovering judgment against the said Henry Block, and found themselves unable to satisfy their judgment, then the plaintiffs were to assign the said judgment to the defendant, who was to pay to said plaintiffs the judgment so recovered, and that thereafter and pursuant to said agreement, and as collateral security, the defendant made, executed, and delivered the promissory note set forth in the complaint, it being expressly understood and agreed that no suit was to be commenced on said note, but it was simply to be held as collateral security, and in the event that the plaintiffs recover judgment against the said Henry Block, and after being unable to satisfy the judgment the defendant should refuse to comply with the agreement as aforesaid, then the plaintiffs were authorized and empowered to commence suit on said note. The date of this agreement is not stated in the amended answer, but it is alleged that it was made prior to July 19, 1910, the date of the notes. These allegations were made upon the knowledge of the defendant and not upon information and belief. The answer was verified by the defendant as "true of his own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters he believes it to be true." As there was no allegation upon information and belief, the verification was absolute. The defendant was required to furnish a bill of particulars in that action, and in that he stated:

"That heretofore and at the city of New York, during the month of June, 1910 (the precise date being unknown to the defendant), the defendant and

David L. Haight, acting on behalf of the plaintiffs, entered into the agreement alleged and set forth in paragraphs marked 'fourth' and 'fifth' in the defendant's amended answer."

The plaintiff endeavored to have this case placed upon the preferred calendar in the City Court, which the defendant succeeded in defeating. Finally, when the action came on for trial, the defendant consented that the plaintiff should take judgment, and he did not then attempt to sustain his defense. In this proceeding the respondent was charged with committing perjury in swearing to this amended answer. The matter was referred to an official referee, who has reported that the amended answer was false, and the respondent committed perjury in swearing to it, and it is upon that report that the case now comes before the court.

The respondent is entirely uncorroborated as to the making of this agreement. Dr. Haight personally testified that he had no such agreement with the respondent; that he never saw the respondent from the time he leased the premises until he saw him before the grievance committee of the association of the bar; and that he never had any conversation with him regarding the giving of the notes. The attorney for the owners of the building testified that the notes were given to him on July 19, 1910, and that nothing was said about bringing suit against Henry Block, and that the action in the Municipal Court had been discontinued some time before as the result of a consultation between the attorney for the owners of the building and the partner or representative of the respondent, who stated that, if the action was discontinued, an arrangement would be made for the payment of the rent due. The attorney for the owners of the building further testified that the action in the Municipal Court was discontinued about the middle of June, and on July 19, 1910, the respondent came to the attorney's office; that an additional amount of rent had then become due; that the respondent fixed the dates at which he could pay the notes; that the respondent himself drew up the two notes, and signed and delivered them to the attorney for the owners of the building. After the notes had become due, the respondent called on the attorney for the owners of the building and offered to pay $10 a month on the notes until the notes were paid, and the attorney for the owners of the building refused the offer, and respondent then said he would have to interpose an answer, to which the attorney said, "If you do that you commit perjury," to which the respondent replied, "Well, there are ways of putting in answers, and you can put an answer in any way," and then he left. He later interposed an answer and an amended answer.

An examination of this testimony satisfies me that the claim of the respondent that he made any such agreement is absolutely without foundation, entirely inconsistent with the testimony of the attorney for the owners of the building, and the whole story is improbable in itself. Block was not a party named in the lease. In it the respondent was described as the only lessee and the only party to it. Block, it seems, intended to occupy a portion of the offices, and the respondent procured him to sign the lease. It is unnecessary to decide whether

he might have been held responsible for the rent. The respondent was clearly responsible for the rent for which he had given notes and checks, and there was no reason why the landlord should be obliged to bring an action against Block as a condition to bringing an action against the respondent for the amount which he conceded that he owed for rent. There evidently was no consideration for the agreement he alleged, and the claim that the discontinuance of the action in the Municipal Court was consideration for the agreement was obviously unfounded. The discontinuance of the action in the Municipal Court was so obviously for the benefit of the respondent that it could not be any consideration moving to him for a contract with him; and it is also a fact that the action had been discontinued some time before the notes were given. The respondent was concededly indebted for this rent. He concededly gave his promissory notes, which were absolute promises to pay a sum stated at a day fixed by him to discharge that indebtedness. When sued upon the notes, he interposed what is obviously a false answer. After securing all the delay possible in consequence of serving this false answer, when the case was finally called for trial, he abandoned the defense and confessed judgment. This respondent does not deny that he owed the persons in whose favor the notes were executed the amount of money represented by them. The respondent did not testify that in the interview with Dr. Haight there was anything said about the notes being given as collateral security or any limitation upon the right of the plaintiffs to enforce them. The respondent testified that he told Dr. Haight:

"Now, here you are suing me, and you are letting the other man Block, who was a cotenant with me on the lease, go scot free. Now, I will tell you what I am willing to do. I am willing to pay this, but I would like you to commence an action against Block alone or against Block and myself, and if you can't recover on your judgment, if you can't make your judgment good against Block, then I will pay the judgment or give you some collateral security. I will give you my note."

To which Dr. Haight replied:

"Well, that sounds reasonable; it sounds fair, as long as you are willing to pay your obligation."

The utmost that could be said about this was that it sounded fair for the respondent to pay the obligation, and it might be said there was some kind of an implied understanding that he would sue Block. But the note was not given on that condition, nor was there any limitation upon the express promise contained in the note to pay the amount when it became due. I think it is clear that the whole defense was an invention of the respondent to avoid the payment of his obligation. That was renewed by his testimony before the official referee, which was also clearly false. Thus the respondent has been guilty of the offense of putting in a false answer, which he personally verified, and has been guilty of perjury before the official referee in trying to avoid the result of his offense.

[2] The question is whether an attorney guilty of such conduct should be permitted to remain a member of the profession. If an attorney acting for a client had interposed an answer which he knew to

be false, and had thereby induced his client to commit perjury, we should have no hesitation in disbarring him. I think the same result should follow when a lawyer, sued on an admitted indebtedness, interposes an answer which is false for the purpose of avoiding or postponing the payment of the debt.

There can be no question, I think, but that such conduct requires that the respondent should be disbarred; and it is so ordered. All concur.